Orreste ABBAMONTE, Jr., Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 99–2676.

United States Court of Appeals, Second Circuit.

March 23, 2001.

John L. Pollok, Hoffman Pollok & Pickholz LLP, New York, NY, for appellant.

Adam B. Siegel, Assistant United States Attorney, Southern District of New York; David Raymond Lewis, Assistant United States Attorney, on the brief, New York, NY, for appellee.

Present CARDAMONE, LEVAL, Circuit Judges, AMON, District Judge.*

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED in part and REVERSED in part.

Abbamonte petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, arguing that his trial counsel was ineffective at trial and failed to furnish representation at sentencing. The district judge denied the petition.

We affirm the judgment of the district court as to petitioner's claim of ineffective assistance at trial, substantially for the reasons set forth by the district judge. *See Abbamonte v. United States,* 73 F.Supp.2d 430, 434–38 (S.D.N.Y.1999). On the question of trial counsel's abandonment of petitioner at sentencing, however, the Government conceded at oral argument that petitioner was entitled to a new sentencing on the ground that trial counsel's abandonment of Abbamonte at sentencing amounted to a complete denial of counsel during a critical stage of the proceeding, unsupported by a willing, know-

---

* Honorable Carol Bagley Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

ing, and voluntary waiver by Abbamonte of the right to counsel. *See United States v. Cronic*, 466 U.S. 648, 659 n. 25, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Accordingly, we remand to the district court with instructions to resentence the petitioner.

Petitioner's request to reassign the case to a different district judge is denied.